[631 NYS2d 535]

## In the Matter of MARVIN E. BASSON, an Attorney, Resignor.

Second Department, September 18, 1995

### APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Robert P. Guido* of counsel), for Grievance Committee for the Tenth Judicial District.

*Marvin E. Basson,* Upper Brookville, resignor *pro se.*

### OPINION OF THE COURT

Per Curiam.

Marvin E. Basson has submitted an affidavit, dated June 30, 1995, wherein he tenders his resignation as an attorney and counselor-at-law *(see,* 22 NYCRR 691.9). Mr. Basson was ad-

mitted to the practice of law by the Appellate Division of the Supreme Court in the Second Judicial Department, on October 14, 1959.

Mr. Basson acknowledges that on December 1, 1994, he pleaded guilty in the United States District Court for the Southern District of New York, before Magistrate Sharon E. Grubin, to one count of conspiracy to participate in the fraudulent sale of securities and one count of conspiracy to obstruct an investigation of the Securities and Exchange Commission, both in violation of 18 USC § 371. Mr. Basson was notified by the office of the United States Attorney, through counsel on April 7, 1995, that his plea had been accepted by the Honorable Robert M. Sweet, by order filed December 8, 1994. No date has been set for sentencing.

Mr. Basson acknowledges that while the crimes of which he has been convicted may not constitute felonies under the laws of New York, they are, nevertheless, serious crimes within the meaning of Judiciary Law § 90 (4) and 22 NYCRR 691.7 (b). He concedes that if disciplinary charges were predicated upon such misconduct, he could not successfully defend himself on the merits.

Mr. Basson's proffered resignation expressly indicates that it is submitted subject to any application which may be made by the Grievance Committee for the Tenth Judicial District for an order directing that he make restitution and that he reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Appellate Division, Second Judicial Department, to make such an order and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto. Mr. Basson indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Under the circumstances, the resignation of Marvin E. Basson as a member of the Bar is accepted and directed to be filed. Accordingly, Marvin E. Basson is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and KRAUSMAN, JJ., concur.

Ordered that the resignation of Marvin E. Basson is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marvin E. Basson is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Marvin E. Basson shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Marvin E. Basson is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.